**Kathleen L. Wilde,** OSB No. 971053
kwilde@disabilityrightsoregon.org
**James A. Wrigley**, OSB No. 904134
jwrigley@disabilityrightsoregon.org
**Theodore E. Wenk**, OSB No. 001239
ted@disabilityrightsoregon.org
DISABILITY RIGHTS OREGON
620 S.W. Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 243-2081
Fax: (503) 243-1738
    Attorneys for Plaintiffs

[ADDITIONAL COUNSEL APPEAR ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PAULA LANE**; **ANDRES PANIAGUA**; **ELIZABETH HARRAH**; **ANGELA KEHLER**; **GRETCHEN CASON**; **LORI ROBERTSON**; **SPARKLE GREEN**; and **ZAVIER KINVILLE**, on behalf of themselves and all others similarly situated, and **UNITED CEREBRAL PALSY OF OREGON AND S.W. WASHINGTON**, <br><br>    Plaintiffs, <br><br>    v. <br><br>**JOHN KITZHABER**, Governor of the State of Oregon; **ERINN KELLEY-SIEL**, Director of the Oregon Department of Human Services; **MARY LEE FAY**, Administrator of the Office of Developmental Disability Services; **STEPHAINE PARRISH TAYLOR**, Administrator of the Office of Vocational Rehabilitation Services, all in their official capacities, <br><br>    Defendants. | Case No.: 3:12-cv-00138-ST <br><br> CLASS ACTION ALLEGATION <br><br> PLAINTIFFS' MOTION FOR CLASS CERTIFICATION <br><br> **(REQUEST FOR ORAL ARGUMENT)** |

## LR 7.1 CERTIFICATE

The undersigned counsel hereby certify that the parties have made a good faith effort through personal and telephone conferences to resolve the dispute and have been unable to do so.

## MOTION

Plaintiffs Paula Lane, Andres Paniagua, Elizabeth Harrah, Angela Kehler, Gretchen Cason, Lori Robertson, Sparkle Green, and Zavier Kinville (collectively, "the named plaintiffs") move this Court to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support of their motion, the named plaintiffs state that:

1. All of the named plaintiffs are individuals with intellectual or developmental disabilities. All are persons with disabilities within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 and 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), because they are all substantially limited in major life activities, such as learning and functioning, due to their disabilities. Each of the named plaintiffs is qualified for and receives employment services from the Oregon Department of Human Services ("DHS"). Although the plaintiffs would prefer to work in integrated employment settings, they remain unnecessarily segregated in sheltered workshops, as a direct result of the defendants' administration, management, and funding of their employment service system in violation of the ADA and Section 504.

2. The Complaint seeks the same relief from defendants for approximately two thousand (2,000) other similarly-situated individuals with developmental disabilities who are in, or who have been referred to, sheltered workshops. Most of these individuals are unnecessarily segregated in sheltered workshops and would prefer to work in integrated employment settings with appropriate services and supports.

3. The plaintiffs request that the Court certify a plaintiff class comprised of all individuals with intellectual and developmental disabilities in Oregon who are in, or who have been referred to, sheltered workshops.

4.    This action satisfies each of the elements of Fed. R. Civ. P. 23(a), as described below and as more fully set forth in the accompanying Memorandum in Support of Their Motion for Class Certification ("Memorandum"), the Declaration of Theodore Wenk Regarding Exhibits in Support of Plaintiffs' Motion for Class Certification ("Wenk Decl."), and the Declaration of Ann Coffey (attached as Exhibit 1 to the Memorandum).

5.    <u>Numerosity</u>.  As reflected in the defendants' own data, the proposed class consists of at least two thousand (2,000) members who are currently in sheltered workshops and many more who will be in workshops or will be referred to workshops during the course of this litigation.  *See* Wenk Decl., Ex. 5 (Institute for Community Inclusion:  StateData.info., *http://www.statedata.info/charts/comparison_2.php?agency=agency_mrdd&state%5B%5D=OR&state%5B%5D=OR&state%5B%5D=0&var=Facility-based+work* (last visited Feb. 21, 2012)). Therefore, the class is clearly sufficient to meet the numerosity requirement of Rule 23(a)(1).

6.    <u>Commonality</u>.  There are questions of fact and law common to the proposed class members.  All members of the class are segregated in sheltered workshops or referred to these segregated workshops, denied access to non-disabled peers, and not provided basic supports needed to work in integrated settings, in violation of their rights under the ADA and Section 504. According to the defendants' own report, as of 2008 "71% of Oregonians with disabilities were in facility-based programs supporting the claim that a majority of working age adults with significant disabilities are supported today in programs that offer segregation and long-term dependency." *See* Wenk Decl., Ex. 2 at 7 (*Community Leadership for Employment First in Oregon* (2010), available at *http://www.dhs.state.or.us/dd/supp_emp/docs/wise.pdf* ("*Call to Action Report*")). They all suffer a common harm from the defendants' pattern and practice of unnecessarily segregating individuals with intellectual and developmental disabilities in sheltered workshops. This unnecessary segregation is the direct result of the defendants' conduct, and specifically the defendants' planning, administration, funding, and operation of their employment services system that unnecessarily relies upon segregated sheltered workshops and denies the proposed

plaintiff class supported employment services in integrated employment settings. The defendants have acknowledged this practice in their own reports. *See* Wenk Decl., Ex. 2 (*Call to Action Report* at 14 ("It is time that ODDS challenges communities to employ Oregonians with intellectual disabilities in jobs that place these individuals with typical co-workers rather than in groups of people with disabilities, that pay a living wage, and in which they are employed directly by the community business.")). According to the defendants' own data, only 15% of individuals with disabilities are in integrated employment while 1641 individuals are relegated to sheltered workshops. *See* Wenk Decl., Ex. 6 at 10 (*Oregon DHS' Employment Outcomes System*, September 2010 Report, *https://spdweb.hr.state.or.us/EOS/CNsum.aspx?CTY=Oregon* (last visited Feb. 22, 2012)).

       7.    Specifically, the common questions of fact include *inter alia*:

    (1)    whether the named plaintiffs and members of the plaintiff class are unnecessarily relegated to segregated settings in order to receive employment services, as a result of the defendants' actions and inactions in planning, administering, and funding their employment service system for persons with developmental disabilities;

    (2)    whether the named plaintiffs and members of the plaintiff class are denied the opportunity to work with non-disabled peers, as a result of the defendants' actions and inactions in planning, administering, and funding their employment service system for persons with developmental disabilities;

    (3)    whether the named plaintiffs and members of the plaintiff class are given vocational training in segregated work settings that bears little or no connection to their skills, abilities, or interests and that rarely leads to integrated employment at competitive wages, as a result of the defendants' actions and inactions in planning, administering,

Page 4 -    Plaintiffs' Motion for Class Certification

and funding their employment service system for persons with developmental disabilities; and

   (4) whether the defendants have a comprehensive and effectively working plan for serving the named plaintiffs and members of the plaintiff class in integrated employment settings.

  8. The questions of law common to the class include, but are not limited to, the following:

   (1) whether the defendants are violating the ADA and Rehabilitation Act by planning, administering, funding and operating an employment services system that unnecessarily relies upon segregated sheltered workshops and that denies the named plaintiffs and members of the plaintiff class supported employment services in integrated employment settings;

   (2) whether the defendants are violating the ADA and Rehabilitation Act by failing to provide the named plaintiffs and members of the plaintiff class with supported employment services in integrated settings, consistent with their needs; and

   (3) whether the defendants are violating the ADA and Rehabilitation Act by administering the employment services system in a manner that discriminates against the named plaintiffs and members of the plaintiff class by providing them employment services in segregated settings and by failing to provide them supported employment services necessary to allow them to engage in competitive employment in integrated settings.

  9. <u>Typicality</u>.  The typicality requirement is met in this case because the common factual and legal injuries resulting from the named plaintiffs' unnecessary segregation in sheltered workshops are typical of the legal claims and violations suffered by the proposed class.

10. <u>Adequacy of Representation</u>.  The named plaintiffs and members of the plaintiff class all have the same interest:  to avoid unnecessary segregation in sheltered workshops.  They all seek the same remedy:  the opportunity to work in the most integrated setting, consistent with their interests, abilities, and preferences.  There are no meaningful differences among the plaintiff class on these fundamental issues.  The named plaintiffs do not, therefore, have interests divergent to, or antagonistic to, other class members.  Similarly, the named plaintiffs and their counsel do not have any conflicts of interest with other class members, nor any ability to collude with other class members.  The named plaintiffs can fully and adequately represent the legal rights and seek the legal remedies to which all members of the proposed class are entitled.

11. Plaintiffs' counsel have extensive experience in prosecuting class actions, including numerous class actions on behalf of persons with disabilities.  They have the skills and resources to adequately represent the plaintiff class in this case as set forth more fully in the accompanying Memorandum.

12. This action seeks class-wide injunctive relief under Rule 23(b)(2) of the Federal Rules of Procedure to end the harm suffered by the named plaintiffs and others similarly-situated who are unnecessarily segregated in, or who have been referred to, sheltered workshops.  The named plaintiffs seek injunctive relief to require the defendants to fulfill their obligations to the proposed class under Title II of the ADA and Section 504 of the Rehabilitation Act by, among other things:  (1) administering, funding, and operating its employment services system in a manner which does not relegate persons with intellectual and developmental disabilities to segregated workshops and which includes an adequate array of integrated employment and supported employment services, as to avoid unnecessary segregation; (2) providing supported employment programs in integrated settings for all qualified class members, consistent with their individual needs; and (3) developing an Implementation Plan, approved by the Court, that describes each of the activities that must be undertaken to modify the defendants' employment service system,

including infrastructure modifications, service definitions, provider development, staff training, family education and interagency coordination.

13. Because defendants have acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive and declaratory relief appropriate for the whole class, the proposed class satisfies the standards of Rule 23(b)(2) of the Federal Rules of Civil Procedure, as more fully set forth in the accompanying Memorandum.

14. Because this a Rule 23(b)(2) class action, notice to the class is not required. Rule 23(c)(2)(A). Consequently, the named plaintiffs do not believe that there is any need for notice to the class at this point in the litigation.

WHEREFORE, the named plaintiffs respectfully request that, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court certify a class consisting of all individuals with intellectual and developmental disabilities in Oregon who are, or who have been referred to, sheltered workshops. The named plaintiffs further request that the Court appoint Disability Rights Oregon, Miller Nash LLP, Perkins Coie LLP, and the Center for Public Representation as co-class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

DATED this 6th day of March, 2012.

Respectfully submitted,

DISABILITY RIGHTS OREGON
Kathleen L. Wilde, OSB No. 971053
E-mail: kwilde@disabilityrightsoregon.org
James A. Wrigley, OSB No. 904134
E-mail: jwrigley@disabilityrightsoregon.org
Theodore E. Wenk, OSB No. 001239
E-mail: ted@disabilityrightsoregon.org
620 S.W. Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 243-2081
Fax: (503) 243-1738

Page 7 -   Plaintiffs' Motion for Class Certification

PDXDOCS:1958716.3

MILLER NASH LLP

*s/ Bruce A. Rubin*

Bruce A. Rubin, OSB No. 763185
E-mail:  bruce.rubin@millernash.com
Justin C. Sawyer, OSB No. 014057
E-mail:  justin.sawyer@millernash.com
Jennifer J. Roof, OSB No. 001586
E-mail:  jennifer.roof@millernash.com
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
Telephone:  (503) 224-5858
Fax:  (503) 224-0155


PERKINS COIE LLP
Stephen F. English, OSB No. 730843
E-mail:  senglish@perkinscoie.com
Lawrence H. Reichman, OSB No. 860836
E-mail:  lreichman@perkinscoie.com
Nathan R. Christensen, OSB No. 093129
E-mail:  nchristensen@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon  97209
Telephone:  (503) 727-2000
Fax:  (503) 727-2222

CENTER FOR PUBLIC REPRESENTATION
Steven J. Schwartz (admitted *pro hac vice*)
E-mail:  sschwartz@cpr-ma.org
Cathy E. Costanzo (admitted *pro hac vice*)
E-mail:  ccostanzo@cpr-ma.org
Bettina Toner (admitted *pro hac vice*)
E-mail:  btoner@cpr-ma.org
22 Green Street
Northampton, Massachusetts  01060
Telephone:  (413) 586-6024
Fax:  (413) 586-5711

*Attorneys for Plaintiffs*

I hereby certify that I served the foregoing Plaintiffs' Motion for Class Certification on:

> Mr. John J. Dunbar
> Ms. Christina L. Beatty-Walters
> Oregon Department of Justice
> 1515 S.W. Fifth Avenue, Suite 410
> Portland, Oregon  97201
> Fax:  (971) 673-5000
> E-mail:  john.dunbar@doj.state.or.us
>          tina.beattywalters@doj.state.or.us
>
> *Attorney for Defendants*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 6th day of March, 2012.

*s/ Bruce A. Rubin*
Bruce A. Rubin, OSB No. 763185

*Of Attorneys for Plaintiffs*

Page 1 -    Certificate of Service