JOHN R. KROGER
Attorney General
JOHN J. DUNBAR  #842100
CHRISTINA L. BEATTY-WALTERS #981634
Assistant Attorneys General
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  John.Dunbar@doj.state.or.us
          Tina.BeattyWalters@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PAULA LANE, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>JOHN KITZHABER, et al.,<br><br>       Defendants. | Case No. 3:12-cv-00138-ST<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

### I.     Introduction

Defendants' positions on plaintiffs' motion for protective order are dictated by defendants' status as public bodies and entities.  Defendants Governor John Kitzhaber, Erinn Kelley-Siel, Mary Lee Fay, and Stephanie Parrish Taylor, all of whom are named in their official capacities on behalf of the public agencies and divisions that they administer, cannot stipulate to limit the disclosure obligations created in the Oregon public records law.  Nor can defendants

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
       JD4/sjb/3328615-v2
                              Department of Justice
                         1515 SW Fifth Ave, Suite 410
                              Portland, OR 97201
                       (971) 673-1880 / Fax: (971) 673-5000

agree that their attorneys—employees of a public agency with law enforcement responsibilities—should be prohibited from disclosing evidence of potential violations of law to other attorneys and/or investigators within the same law enforcement agency. Finally, defendants suggest that the treatment of protected health information and other confidential information relating to potential class members in this case should be resolved in advance so that no party will be required to seek a ruling from the Court to enable it to file a pleading or exhibit containing protected information with the Court.

## II.     Argument

### A.     Defendants Cannot Agree to Create an Exception to the Public Records Law.

Plaintiffs' argument relating to the Oregon Public Records Law ("OPRL") misapprehends the defendants' position. Defendants do not take the position that the OPRL would entitle them to withhold documents or information otherwise subject to discovery. Rather, defendants' position is that they cannot stipulate to create what would, in effect, be another exemption from public bodies' broad disclosure obligations under the OPRL.

The OPRL, ORS 192.410 et seq., provides persons with a right to inspect the public records of public bodies. The OPRL also provides that some public records are exempt from disclosure. ORS 192.496-502. Defendants are public officials who are represented by a public body, the Oregon Department of Justice. It is an unofficial policy[1] of the Oregon Department of Justice that its attorneys will not stipulate to protective orders that would limit public disclosure of information provided to it in discovery beyond the limitations that exist under the OPRL. Making the protective order subject to the OPRL would have two effects: (1) It would ensure that any documents produced in discovery to the defendants would be subject to the OPRL, including any exemptions. (2) It would also ensure that any documents produced by the defendants would still be subject to the OPRL to the same extent that they would if this litigation

---

[1] An Oregon Department of Justice policy with respect to stipulated protective orders has been drafted but not finalized. Until the policy is finalized, Department attorneys are not permitted to distribute it. Department attorneys are, however, encouraged to follow the draft policy.

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
JD4/sjb/3328615-v2

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

had never occurred. In other words, the litigation and the protective order would not alter the obligations of the defendants or the Oregon Department of Justice under the OPRL. That is all that defendants seek to achieve by suggesting that the protective order be subject to the OPRL.

### B.    Defendants Cannot Agree to A Strict Use Limitation.

Pursuant to its unofficial policy, the Oregon Department of Justice and defendants cannot agree to a strict use limitation on documents and information learned in discovery. Plaintiffs have reluctantly agreed to a use limitation with an exception for "legitimate criminal law enforcement purposes." The exception that plaintiff suggest is a start, but it does not go far enough. The Oregon Department of Justice and its clients at various state agencies have broad authority to prosecute a wide range of civil violations, including violations of the Oregon Unlawful Trade Practices Act, the environmental laws, licensing laws, and the Medicaid statute. *E.g*, ORS 646.607-622 (UTPA); ORS 468.035(j), (k) (water pollution); ORS 676.220 (health care licensing requirements); 42 U.S.C. § 1396b(q) (Medicaid law).

We also recognize that the draft protective order does contain a provision allowing parties to petition the Court to expand the use of confidential information. But that language does not go far enough. If Oregon Department of Justice attorneys learn of wrongdoing in a civil case, they are expected to report it to those in the Department with responsibility for addressing such conduct. A requirement to seek permission of the Court in order to use information produced in discovery for law enforcement purposes could provide notice in some cases to wrongdoers, and that could frustrate the Department's law enforcement responsibilities.

Plaintiffs will also likely argue that their case is different and special, but most litigants think that. A uniform approach is better. Oregon DOJ also seeks to avoid precedent that parties in other cases can use as authority for an exception in other cases. Such exceptions, should they become routine, could swallow the rule. Accordingly, defendants suggest that Paragraph 2(1) of

Page 3 -    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
JD4/sjb/3328615-v2
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

plaintiffs' proposed protective order be amended to provide an exception to the use limitation for "legitimate law enforcement purposes."[2]

### C. Treatment of All Confidential and Protected Information to be Filed Should be Resolved in Advance.

Plaintiffs' proposed protective order provides a procedure for filing confidential information under seal, but it provides no procedure for filing individually identifiable health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") under seal. Plaintiffs contend that the Court should not address this issue now but, instead, defer it until one of the parties seeks to file such information with the Court. Defendants suggest that a procedure be provided in the protective order in order to avoid additional motions practice in the future. Addressing these issues now and establishing a procedure for filing HIPAA-protected documents will ultimately lessen the burdens on the Court and parties.

Defendants agree with plaintiffs that the proposed protective order meets the federal regulatory requirements for protective orders. *See* 45 C.F.R. § 164.512(e)(1)(v). It meets the regulatory requirements because it provides that protected health information will be used only for the purposes of this litigation and because it requires the destruction or return of the protected health information at the conclusion of the case. *Id.* However, those protections would be largely nullified if a party could file documents in the publicly-available Court record containing protected health information. Moreover, federal regulations require covered entities (including

---

[2] However, in order to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), any exception to a broad use limitation in a protective order should apply only to confidential documents, not to protected health information under HIPAA. 42 C.F.R. § 164.512(e)(1)(v). Accordingly, paragraph 2(1) should be amended to read: "the State of Oregon may use or disclose information or documents labeled "Confidential" for legitimate law enforcement purposes."

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
JD4/sjb/3328615-v2

the agencies and divisions administered by the defendants) to limit protected health information to the minimum necessary to comply with the intended purpose of the disclosure or use.[3] The Court may wish to consider—now rather than in the rush before filing summary judgment motions—whether or not documents containing protected health information should be redacted before filing with the Court and/or filed under seal.

It may be that the only Court filings to which any redaction or sealing procedures would apply are summary judgment filings. Expert witness reports are exchanged, not filed. L.R. 5-2(a)(5). Moreover, the burdens would fall equally upon the parties, because both parties would be obligated under the protective order to redact documents containing protected health information, or to file such documents under seal, or both. It is, of course, helpful that the named plaintiffs have chosen not to invoke their rights to protect their protected health information. This will certainly simplify the presentation of the case to the Court. However, the choice made by the named plaintiffs may not be the choice that unnamed potential class members would make. In a case in which plaintiffs are seeking class certification under Fed. R. Civ. P. 23(b)(2), a certification provision under which notice to the class is not required, caution in the treatment of absent potential class members' protected health information is probably warranted.

Defendants suggest adopting a procedure whereby protected health information relating to individuals who are not named plaintiffs could be redacted from the publicly-filed documents and filed in unredacted form under seal.

---

[3] "When using or disclosing protected health information or when requesting protected health information from another covered entity, a covered entity must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request." 45 C.F.R. § 164.502(b)(1); *G. v. Hawai'i Dep't of Human Services*, 2010 WL 2607483 (D. Hi. 2010) (granting motion to seal records).

Page 5 -    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
JD4/sjb/3328615-v2

### III. Conclusion

Defendants request the Court to enter a protective order with the modifications suggested by defendants.

DATED April  19 , 2012.

Respectfully submitted,

JOHN R. KROGER
Attorney General

    s/ Christina L.Beatty-Walters
JOHN J. DUNBAR #842100
CHRISTINA L. BEATTY-WALTERS #981634
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880 / Fax (971) 673-5000
John.Dunbar@doj.state.or.us
Tina.BeattyWalters@doj.state.or.us
Of Attorneys for Defendants

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
    JD4/sjb/3328615-v2
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000