UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PAULA LANE**, et al.,

           Plaintiffs,

v.

**JOHN KITZHABER**, et al.,

           Defendants.

Case No.:  3:12-cv-00138-ST

PROTECTIVE ORDER

This action concerns individuals with intellectual and/or developmental disabilities who are in or who have been referred to sheltered workshops.  The parties will be requesting and producing documents and information that one party contends or both parties contend contain confidential information and that are subject to protection under Federal Rule of Civil Procedure 26(c).  This includes documents and information relating to the full actual names and photographs and videotapes that depict the faces of the individual plaintiffs, members of the plaintiff class or their families, or other personally identifiable information about the plaintiffs,

class members or family members, other persons with intellectual and/or developmental disabilities who receive or have received services from defendants, their contractors, or their agents, and persons who have been or may be referred for services from defendants, including students transitioning from high schools. This information also includes protected health care information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, 45 C.F.R. 164.512. The parties contend that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, and deposition testimony, and that a protective order is needed to protect against disclosure of such documents and information.

The Court has reviewed the reasons offered in support of entry of this Protective Order, and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court hereby ORDERS as follows:

1.    All documents, testimony and other materials identified above produced by the parties or any third party or entity in this case, other than PHI, shall be labeled "Confidential." All documents and other materials that contain PHI, as defined above, are automatically deemed Confidential and need not be further labeled.

2.    Use of any information or documents labeled "Confidential" or PHI and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose, with the following two exceptions: (1), the State of Oregon may use or disclose information or documents for legitimate law enforcement purposes; or (2) information or documents may be used if the person who is the subject of such confidential material, or that person's legal guardian, authorizes its use for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any

Page 2 -    Protective Order

specific information or document, the burden shall be on the party claiming that such
information or document was lawfully obtained through means and sources outside of this
litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may
designate as "Confidential" documents, testimony, written responses, or other materials produced
in this case if they contain information that the producing party has a good faith basis for
asserting is confidential under the applicable legal standards. The party shall designate each
page of the document with a stamp identifying it as "Confidential," if practical to do so. All
documents and other materials that contain PHI, as defined above, are automatically deemed
Confidential and need not be further designated.

4.      If portions of documents or other materials deemed "Confidential" or any
papers containing or making reference to such materials are filed with the Court, other than PHI,
they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE
PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE
ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall
reference this Protective Order in submitting the documents it proposes to maintain under seal.
If a non-designating party is filing a document that another party has designated as
"Confidential," then the non-designating party shall file the document under seal. If the
non-designating party makes a request in writing to have the document unsealed and the
designating party does not file, within ten calendar days, a motion that shows good cause to
maintain the document under seal, then the Court shall unseal the document. Before seeking to

maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.    Within 30 days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the 30-day period.

6.    "Confidential" information and documents subject to this Protective Order, other than PHI shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.    At the time either party decides to file PHI, it shall determine whether the material remains confidential and protected, and if so, how the PHI and the identity of the person to whom it pertains shall be protected.  A party may file PHI and references to PHI using initials, to protect the identity of the person, or the material may be redacted or filed under seal.

8.    Use of any information, documents, or portions of documents marked "Confidential," including PHI and including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    counsel of record for the parties, and the administrative staff of
          counsel's firms;

b.  any party to this action who is an individual,, every employee or agent of every administrative office and/or agency that the individual defendants administer, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation;

c.  independent consultants or expert witnesses (including partners, associates, employees and assistants under the control of such an expert or consultant) retained by a party or its attorneys for purposes of this litigation, whether or not such expert is paid directly by a party, but only to the extent necessary to further the interest of the parties in this litigation.

d.  any deposition or trial witness;

e.  any person who authorized or received the particular confidential material sought to be disclosed to that person;

f.  the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

g.  any court reporter or videographer reporting a deposition;

h.  employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9.      Prior to being shown any documents produced by another party marked "Confidential," other than PHI,  any person listed under paragraph 7(b), 7(c), and 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential or PHI status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, the party objecting to the confidential or PHI status of a document may file an appropriate motion before the Court.  In response to a motion brought pursuant to this paragraph, the designating party must show good cause to maintain the Protective Order as to the document in dispute.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not be held liable, however, for disclosure of such documents or materials if that party or counsel did not know or should not reasonably have known that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts that are not protected from disclosure by the attorney-client privilege, work-product doctrine, or the Federal Rules of Civil Procedure relating to the timing of disclosure of expert witnesses relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or

Page 6 -     Protective Order

documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties the fact that the other party designated or failed to designate information or documents as "Confidential."

14.    Within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, protected health information subject to HIPAA, including all copies, must either be returned to the providing party or destroyed at that time, as provided in 45 C.F.R. 164.512(e)(1)(v). Counsel for a party may retain archival copies of confidential documents, other than protected health information.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO ORDERED.**

DATED: _____

_____
Janice Stewart, U.S. District Court Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PAULA LANE**, et al.,                                                    Case No.:  3:12-cv-00138-ST

           Plaintiffs,

   v.

**JOHN KITZHABER**, et al.,

           Defendants.

_____

      I, _____, have been advised by counsel of record for

_____ in the above-captioned case of the protective order governing

the delivery, publication, and disclosure of confidential documents and information produced in

this litigation.  I have read a copy of the protective order and agree to abide by its terms.

Signed                 _____

Printed Name         _____

Date                   _____

Page 1 -    Exhibit A to Protective Order

PDXDOCS:1962145.1