UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PAULA LANE; ANDRES PANIAGUA; ELIZABETH HARRAH; ANGELA KEHLER; GRETCHEN CASON; LORI ROBERTSON; SPARKLE GREEN; and ZAVIER KINVILLE**, on behalf of themselves and all others similarly situated, and **UNITED CEREBRAL PALSY ASSOCIATION OF OREGON AND SOUTHWEST WASHINGTON, INC.**, <br><br>     Plaintiffs, <br>  v. <br><br> **KATE BROWN**, in her official capacity as the Governor of the State of Oregon; **ERINN KELLEY-SIEL**, Director of the Oregon Department of Human Services; **MARY LEE FAY**, Administrator of the Office of Developmental Disability Services; and **STEPHANIE PARRISH TAYLOR**, Administrator of the Office of Vocational Rehabilitation Services, all in their official capacities, <br><br>     Defendants. | Case No.   3:12-cv-00138-AC <br><br> JUDGMENT OF DISMISSAL |

Page  1  – JUDGMENT OF DISMISSAL

**UNITED STATES OF AMERICA**,

        Plaintiff-Intervenor,

v.

**THE STATE OF OREGON**,

        Defendant.

ACOSTA, Magistrate Judge:

      Plaintiffs filed this lawsuit against the State Defendants on January 25, 2012, on behalf of themselves and all persons having intellectual or developmental disabilities who were working in, or had been referred to work in, sheltered workshops. The court granted plaintiffs' motion to certify the class on August 6, 2012. The United States filed its intervenor complaint on May 24, 2013. After more than three years of vigorous litigation, the parties began settlement discussions on July 10, 2015, which discussions continued through August 25, 2015. Through the parties' and their attorneys' genuine commitment, extraordinary effort, and consistent professionalism, they reached an agreement for settling the case and, on September 15, 2015, they jointly moved for preliminary approval of their agreement. The court granted their motion on September 17, 2015. The parties then jointly moved for final approval of their proposed settlement on November 13, 2015, and, after a fairness hearing, the court granted final approval of the settlement on December 7, 2015.

      The 37-page settlement agreement required the State Defendants to undertake multiple obligations, which were to be performed over a seven-year period beginning in 2015 and ending in 2022. To support and assess compliance with the settlement agreement obligations, the parties agreed to employ an Independent Reviewer who would meet with the parties, attorneys, and

Page 2 – JUDGMENT OF DISMISSAL

stakeholders at regular intervals during the performance period, who would annually provide the court with detailed written progress reports of the progress of implementing the settlement agreement's provisions, and who would submit a final report on compliance at the conclusion of the performance period.[1]

On July 6, 2022, the Independent Reviewer filed the "Final Report to the Court" regarding compliance with the settlement agreement. The 72-page report, accompanied by five appendices comprising 136 pages, contained the Independent Reviewer's assessment of the State Defendants' compliance with each obligation under the settlement agreement. Summarizing those findings at the end of the report, the Independent Reviewer stated:

> It is the determination of the Independent Reviewer that substantial progress has been made in providing access to CIE[2] for Oregonians with IDD, including sheltered workshop and transition class members. It is the Independent Reviewer's recommendation that the State has satisfied the metrics and substantially complied with and implemented the other provisions of the Settlement Agreement. It is the Independent Reviewer's determination that certain actions should be implemented by the state to sustain this progress and ensure that the efforts to date are durable.[3]

On July 21, 2022, the court convened a hearing on settlement agreement compliance and final dismissal of case. Plaintiffs' and State Defendants' attorneys each presented remarks acknowledging and commending the significant permanent positive changes achieved as a result

---

[1] During the performance period, two persons served as Independent Reviewer under the settlement agreement. From 2015 to 2020, Cathy Ficker Terrill, M.S., served as Independent Reviewer, and from 2020 to 2022, Nicole Jorwic, J.D., served as Independent Reviewer. The court wishes to acknowledge and express its great appreciation for the superior and conscientious work Ms. Terrill and Ms. Jorwic each performed in their role of Independent Reviewer, and in working with the parties and their respective attorneys to realize the settlement agreement's goals.

[2] Competitive Integrated Employment.

[3] The Independent Reviewer also offered recommendations for continuing the implementation of the settlement agreement's provisions.

of the parties' agreement.  Plaintiffs also presented two witnesses at the hearing, both of whom spoke highly of those changes and applauded the transformative improvements made in the lives of the class members.   At the hearing's conclusion, this court observed:

> What makes this particular case unique is the tremendous professionalism that the lawyers and their client representatives brought to this problem to obtain a resolution not just to end litigation, but to solve a problem, and not just to solve a problem retroactively, but to put in place safeguards to make sure the problems they saw are solved going forward.

Accordingly;

1.   Based on the Independent Reviewer's Final Report of July 6, 2022, and the appendices thereto; the comments and statements of counsel at the hearing; the witness testimony at the hearing; and the court's assessment of the record; the court finds that State Defendants are in substantial compliance with the parties' Settlement Agreement and that a durable remedy is in place, and that the parties' performance under settlement agreement, as per its express terms, is now ended.

2.   Judgment is hereby ENTERED, and this case is DISMISSED, with prejudice.[4]

IT IS SO ORDERED.

DATED this 12th day of August, 2022.

Hon. John V. Acosta
United States Magistrate Judge

---

[4] On August 9, 2022, the parties informed the court that they had resolved all outstanding issues regarding attorney fees and costs.

Page 4  – JUDGMENT OF DISMISSAL